UNITED STATES of America, for the Use and Benefit of SMITH CONSTRUCTION COMPANY OF FLORIDA, a corporation, Plaintiff,

v.

E. L. WALKER, INC., a corporation, and Auto Owners Insurance Company, a corporation, Defendants,

and United States of America and the First Bank & Trust Company of Pensacola, Intervenors.

Civ. A. No. 1322.

United States District Court
N. D. Florida,
Pensacola Division.

April 3, 1968.

Richard H. Merritt, Pensacola, Fla., for plaintiff.

Robert P. Gaines, Pensacola, Fla., for First Bank & Trust Co. of Pensacola, Intervenor.

Clinton Ashmore, U. S. Atty., Pensacola, Fla., for United States, Intervenor.

Joseph M. Crowell, Pensacola, Fla., for E. L. Walker, Inc.

Forsyth Caro, Pensacola, Fla., for Auto Owners Ins. Co.

MEMORANDUM-DECISION

CARSWELL, Chief Judge.

After many false starts, reversals, and reassessments of the respective positions of the parties here, this suit has at long last been brought into focus and presents now one clear issue: May the United States, as intervenor, through tax collection statutes breathe life into a case between the original parties which is itself barred by the applicable statute of limitations?

The Court concludes that it may not, and grants the motion of the defendant for the dismissal of this cause for lack of jurisdiction.

Plaintiff, Smith Construction Company, brought suit under the Miller Act, 40 U.S.C. § 270a, against E. L. Walker, Inc., and the Auto Owners Insurance Company for claims arising from work done and material furnished under a contract with the United States Navy at Whiting Field within this district. The United States intervened asserting a claim against the plaintiff for taxes due and seeking collection thereof from any recovery plaintiff might obtain from defendant under the authority of 26 U.S.C. § 7403. The United States also relies on 28 U.S.C. § 1340 which provides that, "The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, * * *." It also relies on 28 U.S.C. § 1345 which provides that the district court shall have original jurisdiction of all civil actions *commenced* by the United States. As a broadside, the Government also seeks to invest this Court with jurisdiction under the broad language of 28 U.S.C. § 1332, presumably on the sole proposition that the amount in controversy exceeds the sum of $10,000, exclusive of interest and

costs, since there is not in this case complete diversity of citizenship between the original parties.

A jury trial was waived in this cause and one undisputed fact was developed and accordingly made the basis of a finding. This central fact is that this suit was not commenced within a year after the day on which the last of the labor was performed or material was supplied in this Miller Act action. The pertinent portions of the Miller Act statute of limitations, 40 U.S.C. § 270b, reads: "* * * no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied * * *."

At this point the Court forthwith granted the motion of the defendant, Auto Owners Insurance Company, since it was clear that, as surety, Auto Owners could not be held liable in this Miller Act case. Out of an abundance of caution, however, and upon the instance of the United States, this Court took under consideration the contention of the Government that the defendant Walker should not be dismissed, and further that the suit between Smith and Walker should proceed in view of the Government's intervention on one of the independent bases of jurisdiction set forth above. The briefs of the parties have been considered and the Court can find no basis whatsoever for the Government to vest this Court with jurisdiction in a Miller Act controversy which is plainly time barred by the Miller Act itself.

The Government's sole interest in this controversy is its potential claim for asserted taxes due by the plaintiff, Smith. It seeks, in effect, to force Smith to continue to prosecute this civil action against Walker and to force Walker, as defendant, although he be protected by the statute of limitations, to defend such action on the unrelated tax claim of the United States for monies which might be found owing by Walker to Smith. This Court can find no language in any of the various tax statutes or general jurisdictional statutes relied upon by the

United States which can be read to obviate the plain threshold requirement that a viable cause of action be presented to this Court through the Miller Act. This determination, of course, in no way deprives the United States of seeking perfection of any liens against any properties subject to the tax through other and valid process.

Order in conformity with this is, therefore, entered today.